**Walter L. ROBERTS**

v.

**LAKE CENTRAL SCHOOL CORPO-
RATION et al.**

**Civ. No. 70 H 100.**

United States District Court,
N. D. Indiana,
Hammond Division.
June 11, 1970.

Richard J. Darko, of Bingham, Summers, Welsh & Spilman, Indianapolis, Ind., Lester Murphy, Jr., of Murphy, McAtte, Murphy & Costanza, East Chicago, Ind., for plaintiff.

Byron E. Bamber, Straley Thorpe, Hammond, Ind., for defendants.

## MEMORANDUM

BEAMER, District Judge.

Plaintiff was employed by the Lake Central School Corporation as an elementary school teacher during the school years 1968–69 and 1969–70. For the last year plaintiff has also been president of the Lake Central Teachers Association, and was a member of the teachers negotiating team both last year and this year. At a meeting of the Lake Central Teachers Association on April 21, 1970, plaintiff told the teachers that the school administration was trying to buy them off with little items at the expense of big ones. On April 23, 1970, Mr. Hovermale, the principal of the school at which plaintiff taught, called the plaintiff into his office. Plaintiff admitted making the statement at the teachers' meeting. The principal stated that he thought plaintiff's comment reflected directly upon him and that plaintiff's statement was untrue. The plaintiff and the principal disagreed as to whether the school, in furnishing teachers with extension cords, movie screens, and filing cabinets was in fact trying to "buy off" the teachers with small items. Plaintiff asserted that his statement was his opinion and that, right or wrong, he had a right to say it. Hovermale demanded that plaintiff apologize for the statement he had made, which the plaintiff refused to do.

Hovermale reported the matter to Superintendent Bibich, who called plaintiff to a meeting with the principal and superintendent. At this meeting the incident was reviewed and the superintendent asked plaintiff to retract his statement made at the teachers association meeting. This plaintiff refused to do. Superintendent Bibich then recommended to the school board that plaintiff not be rehired. Five days later plaintiff was notified by the defendant school corporation that he would not be offered a contract for the 1970–71 school year.

In a letter to plaintiff, defendants stated that plaintiff was not being rehired because he had "exhibited a general attitude which discloses a refusal to cooperate with school authorities on matters relating to school administration." The evidence at the trial disclosed that the sole ground for this conclusion, and the only basis for plaintiff's nonretention, was the incident related above concerning plaintiff's statement at the teachers association meeting.

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 (the Civil Rights Act of 1871) and 28 U.S.C. §§ 1331 and 1343(3) (4). Plaintiff seeks damages and an order requiring defendants to offer him a contract for the 1970–71 school year. Plaintiff also requested this court to mandate the school board to grant him a hearing on the non-re-

newal of his contract. Since the Court has now heard the matter and ruled on the merits, there is no need for a school board hearing, and the question of whether plaintiff would be entitled to such a hearing is now moot.

■ It makes no difference that plaintiff was not a tenure teacher or that the school board merely refused to renew his contract rather than dismissing him during the period of a contract. As stated in McLaughlin v. Tilendis, 398 F.2d 287, 289 (7th Cir. 1968):

> Even though the individual plaintiffs did not have tenure, the Civil Rights Act of 1871 gives them a remedy if their contracts were not renewed because of their exercise of constitutional rights.

■ A school board has a great deal of latitude in deciding whether or not to retain the services of a teacher, but as the Court stated in Johnson v. Branch, 364 F.2d 177, 180 (4th Cir. 1966):

> However wide the discretion of. School Boards, it cannot be exercised so as to arbitrarily deprive persons of their constitutional rights.

■ The Court in a case such as this must weigh the interests of the teacher in commenting on issues of concern to him and the interests of the state, as an employer, in promoting the efficiency of the public services it performs through its employees. Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). A balance must be struck between the interest of the school board in managing an effective school system and the right of the plaintiff to exercise his freedom of speech.

Certainly a school board has an interest in retaining only those teachers who can capably perform their daily duties and not interfere with the efficient operation of the schools. There is no question here of plaintiff's capability in the classroom; Mr. Hovermale admitted that plaintiff was a good teacher. It may be that, following plaintiff's statement, ill will existed between the plaintiff and the administration officials. This type of conflict could have an adverse effect on the administration of a school. However, any friction which exists may in large part be the result of an oversensitivity to criticism on the part of the administration.

Plaintiff's statement was made at a meeting of teachers and concerned the subject matter of negotiations then going on between the teachers and the administration. Plaintiff himself was president of the teachers association and a member of its negotiating team. It is not extraordinary that plaintiff would caution the people he represented against being "bought off" by concessions on small items by the administration. Neither is the statement so critical of the administration that it could be expected to have a serious disruptive effect on the operation of the school.

■ It is the opinion of this Court that the comment by plaintiff did not threaten the interest of the school board in maintaining an efficiently run school system with competent teachers. On the other hand, if a school board were permitted to refuse to renew a teacher's contract on the sole basis that the teacher had made statements critical of the school administration, there would be a serious impairment in the freedom of teachers to speak out on issues concerning them. On the facts of this case, the decision of the school board not to renew plaintiff's contract is unjustified and constitutionally impermissible. The defendants are therefore ordered to renew plaintiff's teaching contract for the 1970–71 school year. The Court retains jurisdiction for the purpose of determining the plaintiff's right to additional relief requested in his complaint.